UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>FAKHOURI INC., d/b/a SOUND BITES CAFÉ, and YASSER MIRZA,<br><br>　　　　　　　Defendants. | Civil Action No.<br><br>Injunctive Relief Sought |

## COMPLAINT

1.   Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action because Defendants Fakhouri Inc., d/b/a Sound Bites Café and Yasser Mirza (collectively, the "Defendants") have failed to pay their employees the federal minimum wage and required overtime premium, kept employees' tips, and failed to maintain accurate employment-related records, all in violation of the Fair Labor Standards Act of 1938 (the "FLSA" or "Act").

2.   The Secretary seeks to enjoin Defendants from violating the provisions of Sections 6, 7, 11, 15(a)(2), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211, 215(a)(2), and 215(a)(5), and to recover tips Defendants kept from their employees and wages that Defendants failed to pay their employees, as well as liquidated damages, pursuant to the provisions of Sections 3(m)(2)(B), 15(a)(2), 16(c), and 17 of the Act, 29 U.S.C. §§ 203(m)(2)(B), 215(a)(2), 216(c), and 217.

3.   The time period covered by this Complaint is May 24, 2018 through at least May 29, 2021.

## Jurisdiction and Venue

4. Jurisdiction of this action is conferred upon this Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

5. Venue is proper in the United States District Court for the District of Massachusetts because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## The Parties

### *Plaintiff Secretary of Labor*

6. Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, is vested with the authority to file suit to restrain violations of the FLSA and recover withheld tips, back wages, and liquidated damages, and is the proper plaintiff for this action.

### *Defendant Fakhouri Inc., d/b/a Sound Bites Café*

7. Defendant Fakhouri Inc. is a Massachusetts corporation with a principal business address of 704 Broadway, Somerville, MA 02144.

8. Fakhouri operates a restaurant at this location under the name "Sound Bites Café."

9. Fakhouri employs employees who work as cooks, dishwashers, kitchen prep staff, food runners, wait staff, bussers, hosts, and delivery drivers.

10. Fakhouri has set its employees' method of compensation, set policies regarding compensation, and maintained records of employment.

11. Fakhouri has set the hours worked by its employees, supervised employees' work, and hired and fired them.

*Defendant Yasser Mirza*

12. Defendant Yasser Mirza transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court.

13. Defendant Mirza is a director of Fakhouri as well as its sole corporate officer and owner.

14. At relevant times, Defendant Mirza has personally managed and directed Fakhouri's day-to-day operations.

15. Specifically, at relevant times Defendant Mirza has:

   a. operated and overseen Fakhouri's business;

   b. maintained some employment-related records;

   c. hired and fired employees;

   d. supervised employees;

   e. assigned employees their work;

   f. set the particular hours of work for employees; and

   g. determined the policies and practices regarding employees' pay.

16. Defendant Mirza's actions concerning pay practices have affected the amounts of compensation received by Fakhouri's employees.

17. Defendant Mirza has acted directly and indirectly in the interest of Fakhouri in relation to its employees and, therefore, is and has been an employer of Fakhouri's employees within the meaning of the FLSA, *see* 29 U.S.C. § 203(d).

### Defendants Are an Enterprise Engaged in Commerce

18. At all times covered by this Complaint, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related

activities performed through unified operation or common control for a common business purpose.

19. At all times covered by this Complaint, Defendants employed employees in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including having employees handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

20. Those goods handled by Defendants' employees that have been moved in or produced for commerce include Gatorade and EggBeaters egg substitute.

21. For the period covered by this Complaint, Defendants' enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

22. Defendants admitted to the Secretary's representatives during the Secretary's wage and hour investigation that the restaurant they operate is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

23. For the period covered by this Complaint, Defendants' employees have been employed in this enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

<u>Defendants' Wage and Hour Practices</u>

24. From May 24, 2018 through at least May 29, 2021, Defendants violated the provisions of Sections 3(m)(2)(B), 6, 7, and 11 of the Act, 29 U.S.C. §§ 203(m)(2)(B), 206, 207, and 211, by improperly retaining employees' tips, failing to pay employees the federal minimum wage for all hours worked, failing to pay employees no less than one and one-half times their

regular rates of pay for hours worked over 40 in a workweek, and not maintaining required employment-related records.

25. Therefore, Defendants are liable for tips and wages owed to these employees and an equal amount of liquidated damages, as set forth herein.

*Defendants Willfully Retained Employees' Tips in Violation of Section 3(m)(2)(B) of the FLSA*

26. Defendants employed numerous employees, including wait staff, bussers, and drivers, who received tips from customers while employed by Defendants.

27. From May 24, 2018 through at least May 29, 2021, Defendants forced employees who received tips from customers to turn their tips over to Defendant Mirza.

28. The employees that Defendants forced to turn tips over to Defendants included delivery drivers, at least one server, and at least one busser.

29. Defendants' policy or practice of having employees turn over tips to Defendants applied to both cash and credit card tips.

30. Defendants kept nearly all of the tips that Defendant Mirza collected from employees.

31. Defendant Mirza at times would redistribute some amount of tips to some employees.

32. From May 24, 2018 through at least May 29, 2021, Defendant Mirza was the owner and a manager of Fakhouri.

33. In these capacities, Defendant Mirza's duties included handling payroll, hiring, firing, and supervising two or more employees, and setting the work schedule for employees.

34. In these same capacities, Defendant Mirza constituted a manager or supervisor within the meaning of Section 3(m)(2)(B) of the FLSA, 29 U.S.C. § 203(m)(2)(B).

35. Defendants' tip-keeping policy or practice impacted at least four employees.

36. From May 24, 2018 through at least May 29, 2021, Defendants took a tip credit toward their FLSA minimum wage obligations with respect to at least two delivery drivers.

*Defendants Willfully Failed to Pay Employees the FLSA Minimum Wage*

37. Defendants willfully failed to pay at least two employees the required minimum wage under the FLSA.

38. Defendants paid delivery drivers a cash wage of $6.00 per hour.

39. In some workweeks, at least two delivery drivers did not receive tips that were sufficient to bring their total hourly compensation up to the minimum hourly wage of $7.25 per hour required by Section 6 of the FLSA, 29 U.S.C. § 206.

40. Examples of workweeks when Defendants paid delivery drivers less than the FLSA minimum wage of $7.25 per hour include the following:

   a. Defendants paid one driver less than $7.25 per hour, including both the hourly cash wage and total tips received by the employee, in one or both of the workweeks comprising the pay period ending September 15, 2018.

   b. Defendants paid one driver less than $7.25 per hour, including both the hourly cash wage and total tips received by the employee, in one or both of the workweeks comprising the pay period ending February 1, 2020.

41. Defendants were aware that they were paying drivers less than the FLSA minimum wage of $7.25 per hour because their own payroll records displayed the hours drivers worked, hourly cash wage earned, and tips received in each pay period.

*Defendants Willfully Failed to Pay Employees the Required FLSA Overtime Premium*

42. Defendants willfully failed to properly compensate under the FLSA at least 14 employees for overtime hours worked.

43. Defendants paid these employees, including both front-of-house and back-of-house employees, at rates less than one and one-half times the regular rates at which those employees were employed for overtime hours worked.

44. Defendants paid these employees partially by check and partially in cash.

45. The check payments Defendants made to these employees often did not include compensation for hours worked over 40 in a workweek.

46. Defendants generally paid these employees for overtime hours in cash.

47. Defendants' payments to these employees for overtime hours worked did not include overtime premium pay under the FLSA.

48. Examples of workweeks when Defendants failed to pay employees the required FLSA overtime premium include the following:

    a. One front-of-house employee worked approximately the following hours during the workweeks ending on the following dates: November 16, 2019—59.62 hours; November 23, 2019—70.57 hours; November 30, 2019—55.93 hours. For those workweeks, Defendants did not compensate that employee for overtime hours worked at no less than one and one-half times the regular rate at which the employee was employed.

    b. A back-of-house employee worked approximately the following hours during the workweeks ending on the following dates: January 23, 2021—55.61 hours; January 30, 2021—54.52 hours; February 6, 2021—54.12 hours. For

those workweeks, Defendants did not compensate that employee for overtime hours worked at no less than one and one-half times the regular rate at which the employee was employed.

49. Defendants were aware that their employees regularly worked overtime hours because their own time records tracked overtime hours that employees worked on a weekly basis.

50. During the period of time covered by this Complaint, certain of Defendants' employees would periodically complain to Defendants about the fact that Defendants did not pay overtime wages.

51. Defendants would sometimes respond to these complaints by telling employees that the restaurant did not pay overtime and if they did not like it they could leave.

52. Defendants would sometimes respond to employees' complaints about overtime with abuse or harassment.

53. Defendants also attempted to interfere with the Secretary's investigation into their pay and employment practices.

54. In particular, Defendant Mirza instructed multiple employees to tell the Secretary's investigators that he paid overtime wages.

55. Defendant Mirza told multiple employees there would be consequences, including termination, for employees that did not follow these instructions.

56. On May 6, 2022, the Secretary filed a lawsuit against Defendants in this Court under Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), based in part on the allegations set forth above at Paragraphs 50 to 55.

*Defendants Failed to Maintain Records Required by the FLSA*

57. Defendants violated the FLSA by failing to make, keep, and preserve adequate and accurate records.

58. Defendants failed to keep adequate and accurate records of employees' hours worked, wages paid, and the tipped wage arrangement, in violation of 29 C.F.R. §§ 516.2(a) and 516.28(a).

59. Defendants' time records did not show all hours worked by all employees that Defendants employed during the time period covered by this Complaint.

60. Defendants' time records also did not document every workweek that each of their employees actually worked at the restaurant during the time period covered by this Complaint.

61. Defendants' records of wages paid reflected only the wages that employees were paid by check and did not account for cash wages.

62. Defendants' records of wages paid to employees who received tips during the course of their employment did not document all tips those employees received.

## COUNT ONE

### Violations of Sections 3(m)(2)(B) of the FLSA—Employers Retaining Tips

63. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

64. From May 24, 2018 through at least May 29, 2021, Defendants have violated the provisions of Section 3(m)(2)(B) of the FLSA, 29 U.S.C. § 203(m)(2)(B), by allowing employers, managers, or supervisors to keep employees' tips.

65. In addition, from May 24, 2018 through at least May 29, 2021, Defendants took a tip credit for certain employees who did not retain all of their tips.

66. Therefore, Defendants are liable for the sum of any tip credit taken by the employers, all tips unlawfully kept from certain employees listed in the attached Exhibit A, and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT TWO

### Violations of Sections 6 & 15(a)(2) of the FLSA—Failure to Pay Minimum Wage

67. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

68. Defendants have violated the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying certain employees wages at rates less than the applicable minimum wage under the FLSA.

69. From May 24, 2018 through at least May 29, 2021, Defendants violated the provisions of Section 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying certain delivery drivers total hourly compensation (including hourly cash wage and tips) that was less than $7.25 per hour.

70. Therefore, Defendants are liable for unpaid minimum wages owed to certain of the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT THREE

### Violations of Sections 7 & 15(a)(2) of the FLSA—Failure to Pay Proper Overtime

71. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

72. Defendants violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than 40 hours without compensating them at rates not less than one and one-half times the regular rates at which those employees were employed for hours worked in excess of 40 hours in such workweeks.

73. Therefore, Defendants are liable for overtime compensation owed to certain of the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

### COUNT FOUR

### Violations of Sections 11(c) & 15(a)(5) of the Act—Failure to Make & Keep Records

74. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

75. Defendants failed to keep true and accurate records of the wages paid to and hours worked by each of their non-exempt employees in violation of Section 11 of the FLSA, 29 U.S.C. § 211, and the regulations thereunder, specifically 29 C.F.R. Part 516.

### PRAYER FOR RELIEF

Throughout the period covered by this Complaint, Defendants violated the aforesaid provisions of the Act as alleged, including doing so willfully. WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1. For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act,

including Sections 6, 7, 11, 15(a)(2), and 15(a)(5), 29 U.S.C. §§ 206, 207, 211, 215(a)(2), and 215(a)(5);

2. For an order pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), holding Defendants liable for withheld tips, the amount of any tip credit taken, and unpaid back wages found due to certain of Defendants' current and former employees listed in the attached Exhibit A for the time period from May 24, 2018 through at least May 29, 2021, plus liquidated damages equal in amount to the unpaid tips, tip credits taken, and wages found due. Additional amounts of tips, tip credits, back wages, and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit A for violations continuing after May 29, 2021, and may be owed to certain current and former employees presently unknown to the Secretary who may be identified during this litigation and added to Exhibit A;

3. For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding the amount of unpaid minimum wages and overtime compensation found due to Defendants' employees;

4. In the event liquidated damages are not awarded, an order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

5. Awarding the Secretary the costs of this action; and

6. Granting such other and further relief as may be necessary and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Secretary requests a jury trial in this matter on all issues triable by jury.

Seema Nanda
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

Mark A. Pedulla
Counsel for Wage & Hour

/s/ Joseph Michalakes
Joseph Michalakes
Trial Attorney
Michalakes.Joseph.J@dol.gov
MA BBO No. 696740

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142
Boston Regional Office

DATED: January 4, 2023